# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

LORI MARIE EUBANK,

    Plaintiff,

    v.                                  Case No. 4:16-cv-27-JVB-JEM

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

## OPINION AND ORDER

Plaintiff Lori Marie Eubank seeks judicial review of the Social Security Commissioner's decision denying her disability benefits, and asks this Court to remand the case. For the reasons below, this Court remands the case.

**A.**     **Overview of the Case**

Plaintiff alleges that she became disabled on October 1, 2007. (R. at 150.) Plaintiff previously worked at a hospital, but has not worked since 2007. (R. at 35.) The Administrative Law Judge ("ALJ") found that Plaintiff suffered from several severe physical and mental conditions (R. at 13), yet, the ALJ concluded that she could perform some light, unskilled work. (R. at 16.) Therefore, the ALJ denied her benefits. (R. at 23.) This denial became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.) Plaintiff's date last insured ("DLI") is December 31, 2012. (R. at 13.)

1

B.  **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

C.  **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.  **Analysis**

Plaintiff argues that the ALJ erred in finding that she was not disabled on or before her DLI. Specifically, she argues that the ALJ failed to include certain limitations in his Residual Functional Capacity analysis, ignored evidence that would have shown that Plaintiff equaled step-three listings, improperly analyzed Plaintiff's credibility, improperly held Plaintiff's daily activities against her, and improperly weighed Dr. French's 2013 letter.

**(1)** *The ALJ Failed to Properly Confront the November 2012 Statements*

A month before the DLI, both Plaintiff and her husband provided forms claiming that Plaintiff always loses her focus after ten or fifteen minutes of activity (Plaintiff limited herself to ten minutes, while her husband gave her fifteen minutes). (R. at 302–03.) An ALJ must consider "evidence from 'non-medical' sources who have not seen the individual in a professional capacity in connection with their impairments." S.S.R. 06-03p, 2006 SSR LEXIS 5 (2006). This includes statements from the Plaintiff herself. 20 C.F.R. § 404.1513; 20 C.F.R. § 416.913. Yet, the ALJ improperly discredited the husband's statement and failed to mention Plaintiff's statement. On remand, the ALJ must either properly discredit the statements or give them their due weight.

This Court cannot reweigh evidence, *Beardsley v. Colvin,* 758 F.3d 834, 836–37 (7th Cir. 2014), but will remand if the ALJ ignores or discounts conflicting evidence "without sufficient reason." *Clifford,* 227 F.3d at 873. Here, the ALJ gave the husband's statement little weight solely because he "is not an objective party." (R. at 22.) But an ALJ cannot discredit a statement merely because it *could* be biased. *Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013). Elsewhere, the ALJ noted that the statement contradicts Plaintiff's October 2012 psychological evaluation. (R. at 15.) However, Plaintiff testified that her condition got "a lot worse" over the two years before the hearing, that is, since October 2012. (R. at 59.) The ALJ did not properly confront Plaintiff's claim that her condition deteriorated since the psychological evaluation. Thus, he did not sufficiently discredit the husband's statement.

An ALJ cannot ignore evidence if building "an accurate and logical bridge" requires him to address and properly discredit the evidence. *Thomas,* 826 F.3d at 691. Yet, he need not

3

explicitly mention it if his opinion "strongly indicat[es]" that he analyzed the evidence. *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). Here, the ALJ never mentioned Plaintiff's statement nor acknowledged its contents. He did mention the Agency doctors' reports that considered the statement. (R. at 150–51, 164–65.) He gave those reports some weight because they were "supported by the totality of the medical evidence." (R. at 21.) But the ALJ failed to mention that the reports are not supported by the totality of non-medical evidence. *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2012). Thus, the ALJ did not indirectly analyze the statement through the Agency doctors.

According to the statements, Plaintiff can only focus on a given activity for ten or fifteen minutes. (R. at 302–03.) This includes both leisure activities and activities Plaintiff enjoys. *Id.* The ALJ never included this restriction in his hypotheticals to the vocational expert ("VE"). On remand, the ALJ must consider both statements and properly assess their credibility in determining whether to include plaintiff's focus limitations in his VE hypotheticals.

**(2)** *The ALJ Failed to Consider Whether Plaintiff Became Disabled in November 2012*

The statements from Plaintiff and her husband significantly contradict the ALJ's RFC analysis. Yet, the ALJ seemed to limit his analysis to October 2012 by improperly discrediting the husband's statement, disregarding Plaintiff's statement, and ignoring Plaintiff's testimony that her condition started deteriorating before the DLI. On remand, if the ALJ cannot properly discredit both statements and Plaintiff's testimony, then he must analyze Plaintiff's condition on November 2012 to see if she became disabled then.

The ALJ found Plaintiff's allegations "not fully credible" because (1) her allegations were all post-DLI, (2) she could still perform daily activities, (3) her medications sufficiently

relieved her pain and social anxiety, and (4) she did not seek mental-health treatment beyond medication. The first reason is false, the second and third do not address the November 2012 allegations, and the fourth is invalid.

First, Plaintiff testified that her condition deteriorated since before her DLI. (R. at 59.) And the November 2012 statements predate the DLI. (R. at 302–03). Second, Plaintiff never disputed that she performed daily activities, but merely qualified that by stating that she could only perform a given activity for ten minutes at most. (R. at 303.) Third, neither her pain nor her social anxiety caused her concentration issues, and if they did, the medication was not working according to the statements. (R. at 302–03.) Fourth, while an ALJ may hold a plaintiff's lack of treatment against her, he must first explore why the plaintiff did not seek treatment. *Thomas*, 826 F.3d at 960. The ALJ did not do so. Thus, while the ALJ's credibility determination may suffice for a pre-November 2012 analysis, it does not discredit the November 2012 statements nor Plaintiff's testimony that her condition deteriorated.

**(3)** *The ALJ Properly Considered Plaintiff's Fibromyalgia*

The ALJ questioned the validity of Plaintiff's fibromyalgia diagnosis by noting the lack of a tenderpoint analysis. (R. at 21.) According to Plaintiff, this shows that the ALJ dismissed fibromyalgia as an impairment. (Pl.'s Brief at 23.) Yet, the ALJ found Plaintiff's fibromyalgia severe. (R. at 13.) Moreover, the ALJ properly analyzed Plaintiff's fibromyalgia in his RFC analysis and discounted its symptoms by noting how Plaintiff manages them with medication. (R. at 21.) Substantial evidence supports this conclusion. *Thompson v. Colvin*, 575 Fed. Appx. 668, 677 (7th Cir. 2014). Even still, Plaintiff identifies no limitations the ALJ missed. Thus, if

5

the ALJ erred on this point, it was harmless error. *Adams v. Astrue*, 880 F. Supp. 2d 895, 911 (N.D. Ill. 2012).

**(4)** *Substantial Evidence Supports the ALJ's Step-Three Analysis*

To satisfy a step-three listing, the Plaintiff must either meet or equal each criterion. *Sullivan v. Zebley*, 439 U.S. 521, 531 (1990). An ALJ must consider evidence that would establish the criteria, *Ribaudo v. Barnhart,* 458 F.3d 580, 538 (7th Cir. 2006), but he need not mention evidence that fails to establish them. *Sims v. Barnhart*, 309 F.3d 424, 430 (7th Cir. 2002). Plaintiff argues that the ALJ ignored favorable evidence. (Pl.'s Brief at 19–22.) But none of this evidence establishes the missing criteria. Thus, the ALJ did not err in ignoring it.

First, Plaintiff challenges the ALJ's holding that Plaintiff did not equal the systemic lupus erythematousus listing. (R. at 14.) To satisfy the listing, Plaintiff must show, among other things, that she has two of the following: severe fatigue, fever, malaise, or involuntary weight loss. 20 C.F.R. pt. 404, subpt. P, app. 1, §14.02. Plaintiff cites evidence of abdominal tenderness, rashes, anxiety, pain, a headache, and a limp. (Pl.'s Brief at 20.) At best, these symptoms establish only malaise, but that is all. Thus, Plaintiff neither met nor equaled the listing.

Plaintiff's attack on the ALJ's inflammatory-arthritis listing analysis similarly fails. (R. at 14.) Specifically, Plaintiff challenges the ALJ's finding that "there is no evidence of . . . an inability to ambulate effectively." (R. at 14.) To succeed, Plaintiff would need to show that, before her DLI, she needed either a two-handed walker or two canes. 20 C.F.R. pt. 404, subpt. P, app. 1, §1.00(B)(2)(b). To this, Plaintiff only cited evidence that she had difficulty walking. (Pl.'s Brief at 22.) This does not suffice.

**(5)** *The ALJ Properly Gave Dr. French's 2013 Letter Little Weight*

Plaintiff provided a letter in which Dr. French, Plaintiff's doctor, stated that she was limited to 20 feet of walking and activities. (R. at 1072.) The ALJ gave the letter little weight because it came after the DLI. (R. at 21.) An ALJ cannot disregard post-DLI medical opinions that the pre-DLI record corroborates. *Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006). The pre-DLI record, the ALJ concluded, did not show the limitations Dr. French found. (R. at 21.) The ALJ is correct.

Dr. French opined that Plaintiff's "extreme shortness of breath" limited her to 20 feet of walking and activities. (R. at 1072.) Yet, she tested negative for decreased physical activity in April 2012. (R. at 841.) She later developed some breathing issues, but this did not elicit increased or additional medications. (R. at 979–81.) Neither Plaintiff nor her husband mentioned breathing issues in their November 2012 statements. (R. at 302–303.) The pre-DLI record provides no basis for Dr. French's stated limitation. Although theoretically Plaintiff could have developed this limitation before the DLI, she cannot rely on the ALJ to give her the benefit of the doubt. *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004).

Plaintiff next contends that the ALJ ignored Dr. French's finding that Plaintiff had "an inability to sit or stand for any prolonged period of time." (Pl.'s Brief at 27.) First, Dr. French said that prolonged sitting and standing was painful, not impossible. (R. at 1072.) Second, the record suggests that sitting down relieves Plaintiff's pain. (R. at 906–45.) Third, even if Plaintiff could not stand for long, she could still do sedentary work. (R. at 64.) The ALJ was not patently wrong in giving Dr. French's post-DLI letter little weight.

**E.     Conclusion**

The ALJ failed to confront Plaintiff's November 2012 statement and improperly discredited the husband's November 2012 statement. Because of this, the RFC analysis lacked an accurate and logical bridge. Accordingly, the Court remands the ALJ's decision to the Agency.

SO ORDERED on January 19, 2018.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE